**SHELL OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
**Respondent.**

No. 75–3593.

United States Court of Appeals,
Fifth Circuit.

July 23, 1976.

Petition for Review of an Order of the Federal Power Commission (Texas Case).

Thomas G. Johnson, William G. Riddoch, Houston, Tex., for petitioner.

Gordon Gooch, John P. Mathis, Randolph Q. McManus, Washington, D. C., for Exxon Corp.

Martin N. Erck, Exxon Co., Houston, Tex., Carroll L. Gilliam, Keith R. McCrea, Washington, D. C., for Gulf Oil Corp.

Drexel D. Journey, Gen. Counsel, FPC, Allan Abbot Tuttle, Sol., John J. Lahey, Washington, D. C., for respondent.

ON PETITION FOR REHEARING

(Opinion, 5 Cir. 1976, 531 F.2d 1324)

Before THORNBERRY, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

In its petition for rehearing, Intervenor Gulf Oil Corporation challenged certain distinctions made in the panel's opinion between the Federal Power Commission's decision in *Gulf Oil Corp.*, 51 F.P.C. 1340 (1974) and 52 F.P.C. 593 (1974) and the instant case.

The portion of the panel's opinion in this case beginning on page 3621, column 1, line 18 and ending on page 3621, column 2, line 14 is withdrawn,[1] and the following language is substituted.

Gulf instituted a proceeding under § 7, while Shell filed for a rate increase under § 4 of the Act. Shell merely seeks to obtain a rate increase for newly discovered reservoirs which is authorized by its amended contract with Southern Natural. The amendment to Gulf's contract with Texas Eastern not only altered the price clause, but also (1) connected additional gas reserves to points of delivery; (2) changed points of delivery; (3) amended measurement provisions; (4) extended the term of the agreement; and (5) granted an option to Texas Eastern to purchase additional gas. The amendments to the conditions of Gulf's performance under its contract with Texas Eastern were so extensive that an amendment of its original certificate under § 7 was considered necessary. In essence, Gulf sought deliverance from certain obligations under its original contract with Texas Eastern. In the case at hand, Shell merely seeks to obtain a rate increase for gas produced from certain wells under the terms of an amendment to its contract with Southern Natural. Under such circumstances, it was not necessary to initiate a proceeding under § 7

---

1. First of all, Gulf involved a proceeding instituted under § 7, while Shell filed for a rate increase under § 4 of the Act. Gulf instituted a proceeding to amend its certificate under § 7, as opposed to § 4, because the issuance of its certificate was conditioned upon the price in its contract. In the instant case, the issuance of Shell's certificate was not predicated upon such a condition. Second, Gulf's initial certificate was granted in an individual proceeding, *Gulf Oil Corp.*, 30 F.P.C. 1559 (1963), while Shell's original certificate was granted along with several other pending applications in Opinion No. 598–A, 46 F.P.C. 633 (1971). The certificate issued to Gulf took into considera-

tion the warranty to provide a specific quantity of gas at a certain price:

The proposed sale by Gulf guarantees the availability of a substantial quantity of gas at a price, which when taken at a high load factor rate is in the public interest.

30 F.P.C. at 1563. We could find nothing in Shell's original certificate which indicates that it is conditioned upon the rate schedule set forth in the original contract with Southern Natural. Third, Gulf's proceeding instituted under § 7 was, in essence, a plea for equitable reformation of its contract. Shell seeks no deliverance from its warranty obligations under its contract with Southern Natural.

of the Natural Gas Act, prior to filing for a rate increase under § 4.

Since the Commission's decision in *Gulf Oil Corporation, supra,* was not before this court for review, statements regarding *Gulf Oil Corporation, supra,* are not binding upon Gulf in any subsequent proceedings before the Federal Power Commission.

The petition for rehearing filed on behalf of Intervenor Gulf Oil Corporation in the above entitled and numbered cause is DENIED.